IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BYRON W. HARDAWAY,

        Case No. 3:10-cv-3107-ST

    Petitioner,

 v.

MARK NOOTH,

        FINDINGS AND RECOMMENDATION

    Respondent.

    Anthony D. Bornstein, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger, Attorney General
    Andrew Hallman, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2004 state court conviction for Rape in the First Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

In January of 1998, petitioner forcibly raped the victim in this case. The victim participated in a sexual assault examination which produced two DNA samples. Trial Transcript, pp. 31-32. Thereafter, she did not show up for a police appointment, and subsequently moved to Arizona. As a result, on March 15, 1999, the case was suspended. *Id* at 34.

On June 1, 1999, the Oregon State Crime Lab generated a report indicating that neither of the DNA samples collected from the victim matched any DNA in the data bank. *Id* at 35-36. However, on June 6, 2002, the same technician from the Crime Lab generated another report showing that one of the DNA samples matched petitioner's DNA. *Id* at 36. At that point, authorities reopened the case and on November 19, 2003, reestablished contact with the victim who had since moved back to Oregon. *Id* at 39.

On May 13, 2004, police took petitioner into custody, and eight days later a grand jury indicted him on one count of Rape in the First Degree. *Id* at 52-53; Respondent's Exhibit 102.

2 - FINDINGS AND RECOMMENDATION

Petitioner moved to dismiss the indictment, arguing that the charging instrument fell outside of the applicable six-year statute of limitations. Respondent's Exhibit 133. The trial court denied the motion, reasoning that petitioner was not a usual resident of the State of Oregon while he was incarcerated in a federal prison in Washington from mid-1999 to early 2000, thereby tolling the statute of limitations pursuant to ORS 131.145(2)(a) for a sufficient duration so as to render the indictment timely. Trial Transcript, p. 80.

Petitioner ultimately proceeded to trial, and a jury, by a vote of 10-2, found him guilty of Rape in the First Degree. Respondent's Exhibit 141; Trial Transcript pp. 291-92. Six days after the jury returned its verdict, however, the court received a letter from juror James Siverson stating, in relevant part, as follows:

> During the course of deliberation, a lot of factors were discussed. * * * Late in the afternoon, it was my vote change that allowed us to convict [petitioner] of the charge[] . . . I now believe that my vote was in error. During the deliberations, several jurors made assumptions on how things might have happened that I now believe were **not** a part of the evidence as presented in the trial, and I allowed those assumptions to sway my vote. * * * This case was very difficult, and the stress of it along with a high fatigue level on my part swayed me to change my vote.

Respondent's Exhibit 136 (emphasis in original).

3 - FINDINGS AND RECOMMENDATION

Based on this letter, trial counsel filed a motion for a new trial and a motion to compel Siverson's appearance for questioning. Respondent's Exhibits 136, 138-39. The trial court sentenced petitioner to 100 months in prison, held a hearing on the two pending motions, and denied both of them. Trial Transcript pp. 399, 404.

Petitioner filed a direct appeal arguing that the trial court should have granted the motion to dismiss the indictment based on the statute of limitations. Respondent's Exhibit 103. He did not assign error to the trial court's decision to deny his motions for a new trial and to compel Sieverson's interrogation. *Id.* The Oregon Court of Appeals affirmed the trial court's decision without a written opinion, and the Oregon Supreme Court denied review. *State v. Hardaway*, 214 Or. App. 571, *rev. denied*, 343 Or. 366 (2007).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County alleging, in pertinent part, that his appellate attorney was constitutionally ineffective for failing to assign error to the court's denial of his post-trial motions pertaining to the alleged juror misconduct. Respondent's Exhibit 108. The PCR trial court denied relief on all of petitioner's claims. Respondent's Exhibit 148. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied

4 - FINDINGS AND RECOMMENDATION

review. *Hardaway v. Nooth*, 236 Or. App. 268, *rev. denied*, 349 Or. 56 (2010).

Petitioner filed this Petition for Writ of Habeas Corpus on October 4, 2010, raising a variety of claims. Respondent asks the court to deny relief on the Petition because: (1) many of petitioner's claims are procedurally defaulted; and (2) those claims that petitioner did fairly present to Oregon's state courts were denied in decisions that were neither contrary to, nor unreasonable applications of, U.S. Supreme Court precedent.

## **FINDINGS**

### I. **Unargued Claims**

Respondent addressed a number of claims alleged in the *pro se* Petition to which petitioner did not respond. Instead, petitioner submitted argument on only two claims: (1) appellate counsel rendered ineffective assistance when he failed to raise as error the denial of the new trial motion based on juror misconduct and the motion for leave to question Siverson; and (2) petitioner was denied his statutory and federal constitutional rights to a speedy trial.

The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed,

5 - FINDINGS AND RECOMMENDATION

shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II. <u>Standard of Review</u>

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct

6 - FINDINGS AND RECOMMENDATION

governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

### III. Analysis

#### A. Ineffective Assistance of Appellate Counsel

Petitioner alleges that his attorney on his direct appeal was constitutionally ineffective by failing to raise the issue of the denial of his motions for a new trial and to question juror Siverson. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 US 111,---,129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is

7 - FINDINGS AND RECOMMENDATION

whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice with respect to the performance of appellate counsel, a petitioner must demonstrate a reasonable probability that but for appellate counsel's failure, "he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

As discussed above, petitioner's motion for a new trial and related motions were predicated on the unsworn statements contained within Siverson's letter. The trial judge, relying on state law, refused to allow Siverson to appear for post-trial questioning under oath. Trial Transcript, p. 399. The trial judge also determined that cases from the Oregon Court of Appeals and the Oregon Supreme Court precluded a new trial under the circumstances described in Siverson's letter and, therefore, denied the motion for a new trial. *Id* at 399-404.

In his PCR appeal, petitioner asserted that a competent appellate attorney would have challenged the trial court's denial of the post-verdict motions because Siverson's statements fit squarely within the circumstances contemplated by Oregon law.

8 - FINDINGS AND RECOMMENDATION

Thus, he contends that a new trial would have been granted had his appellate attorney raised the issue. Respondent's Exhibit 149, pp. 11-13.[1] The Oregon Court of Appeals disagreed, and affirmed the PCR trial court's decision denying relief on the claim.

This court is bound by the state court conclusion that Siverson's statements were insufficient to justify a new trial under Oregon law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir.) ("a federal court is bound by the state court's interpretations of state law."), *cert. denied*, 531 U.S. 1037 (2000), citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). Because Siverson's statements were not of the type that could justify a new trial in Oregon, petitioner would not have prevailed had the claim been included in his Appellant's Brief on direct appeal. As a result, appellate counsel was not constitutionally ineffective for failing to raise this claim, and the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

///

---

[1] In his PCR appeal, petitioner did not mention that either the federal constitution or any federal law was violated by denial of his motion for a new trial. Respondent's Exhibit 149, pp. 9-13.

9 - FINDINGS AND RECOMMENDATION

### B.     Right to a Speedy Trial

Petitioner also alleges that his prosecution was invalid because the indictment was issued after the six-year statute of limitations had expired. In Oregon, the six-year criminal statute of limitations applicable to petitioner's case does not run during "[a]ny time when the accused is not an inhabitant of or usually resident within this state." ORS 131.145(2)(a). The criminal trial court determined that petitioner's time spent out-of-state in a federal prison tolled the statute of limitations for a sufficient period of time to make his prosecution timely.

Although state court determinations of state law are generally not subject to federal review, the Ninth Circuit has recognized an exception for instances where a state court's interpretation of state law is "clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state or rights guaranteed by the Constitution." *Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir.), *cert denied* 459 U.S. 1055 (1982). Petitioner argues that the trial court's interpretation of the tolling provision contained within ORS 131.145(2)(a) is clearly untenable because it is inapplicable to his case. Specifically, he asserts that tolling is not proper where he did not voluntarily leave Oregon, but was forced to remain outside of Oregon by another government actor.

10 - FINDINGS AND RECOMMENDATION

While it might be debatable whether an individual incarcerated out-of-state can still be considered a "usual resident" or inhabitant of Oregon for purposes of 131.145(2)(a),[2] the state court's decision on this issue is not clearly untenable so as to amount to a subterfuge intended to avoid federal review of a constitutional issue.  Because the court is bound by the trial court's calculation of Oregon's statute of limitations, petitioner was not denied his right to a speedy trial.  Consequently, the criminal trial court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

---

[2] Federal courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration.  *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Denlinger v. Brennan*, 87 F.3d 214 (7th Cir. 1996); *Housand v. Heiman,* 594 F.2d 923, 925 n. 5 (2nd Cir. 1979) (*per curiam*); *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir), *cert. denied*, 431 U.S. 941 (1977); *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973).

11 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 24, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of October, 2011.

                            s/   Janice M. Stewart
                            Janice M. Stewart
                            United States Magistrate Judge